Pigott, J.
(dissenting). According to the rule set out in Bru-ton v United States, a defendant is deprived of his Sixth Amendment right to confront adverse witnesses if a non-testifying codefendant’s “powerfully incriminating” statement is admitted at their joint trial (391 US 123, 135 [1968]). If a statement “[i]s not incriminating on its face” but becomes “so only when linked with evidence introduced later at trial,” there is no Sixth Amendment violation, and Bruton does not apply (Richardson v Marsh, 481 US 200, 208 [1987]).
The rationale for the Bruton rule is that some statements are so explicitly and powerfully incriminating, the jury cannot “possibly be expected” to refrain from using them as evidence against the defendant (id. at 208). Where statements are not facially incriminating but require inference or linkage, however, “it is a less valid generalization that the jury will not likely obey the instruction to disregard” them (id.). In the latter situation, “the judge’s instruction may well be successful in dissuading the jury from entering onto the path of inference in the first place, so that there is no incrimination to forget” (id.).
I dissent from the majority’s conclusion that the admission of the testimony codefendant Rushing gave before the grand jury constituted a Bruton error and deprived defendant of his Sixth Amendment right of confrontation. None of Rushing’s statements facially incriminated anyone, and therefore, Bruton does not apply.
According to Rushing’s statement, he and defendant were driving around one evening looking for defendant’s car. They stopped for food at a plaza and, while Rushing stayed in the car, defendant went into one of the restaurants and got *75 something to eat. Rushing stated that after defendant returned to the car, alone, “someone came to the vehicle talking about where is the stuff and reaching money out.” As Rushing began to drive away, the man dropped $30 into the vehicle, which Rushing eventually put in his pocket.
That was the extent of Rushing’s testimony — a perfectly innocent explanation of the evening’s events that did not implicate either defendant in any criminal activity. The admission of this testimony did not violate defendant’s right of confrontation because, as Richardson directs, we are to assume that the judge’s limiting instruction successfully dissuaded jurors from using Rushing’s testimony to infer defendant’s guilt.
The majority disagrees. It finds Rushing’s testimony “powerfully incriminating as to defendant,” and therefore inadmissible under Bruton, for two reasons. First, the majority claims “the ordinary inferences to be drawn from the statements— without reference to any other evidence presented to the jury— were that defendant was involved in an arrangement to exchange drugs for cash” (majority op at 69-70). Not so. Rushing stated that defendant “went over there to get something to eat [and w]hen he came back to the car . . . [h]e wasn’t with nobody. I didn’t see him with nobody” (emphasis added). I am at a loss to understand how one could infer from this statement, standing alone, as if it had been the “very first item introduced at trial” (Gray v Maryland, 523 US 185, 196 [1998]), that defendant did anything other than get food and return to the vehicle. The idea that defendant set up a drug deal while he was away from the car could only have come from the testimony of the officers, which requires the kind of linkage that falls outside Bruton’s narrow scope.
Second, the majority claims that Rushing’s testimony “explicitly incriminate [d] defendant in the possession of the robbery proceeds by admitting the taking of the $30 from the man who approached the car” (majority op at 72). According to the majority, his testimony established an element of the charged crime and placed defendant in joint possession of the robbery proceeds. It did no such thing. Rushing stated that he picked up the money the man dropped into the car and put it in his pocket. Whether a robbery occurred and whether that money constituted the proceeds of a robbery was established *76 only through the testimony of the officers involved and the introduction of the buy money itself.*
“As Bruton and subsequent cases make clear, [an] extrajudicial statement must clearly implicate the defendant in order for there to be a violation of that defendant’s sixth amendment right to confront adverse witnesses” (Vincent v Parke, 942 F2d 989, 991 [6th Cir 1991] [emphasis added and citations omitted]). Rushing’s testimony did not implicate defendant in any crime, nor did it shift blame onto defendant. It provided a wholly innocent explanation that, if believed by the jury, exculpated both men and therefore did not violate defendant’s Sixth Amendment rights (see United States v Rubio, 709 F2d 146, 155 [2d Cir 1983] [holding that it was proper to admit a non-testifying codefendant’s statement that provided an innocent explanation for defendant’s possession of drug paraphernalia commonly used to weigh and test cocaine because the statements “were not inculpatory” and did not shift blame onto defendant]).
Not only does the majority’s erroneous conclusion misapply Bruton and Richardson, but it also may have the practical effect of requiring severance of every joint trial in which a false exculpatory statement of one defendant is sought to be used, in direct conflict with the State’s “strong public policy favor [ing] joinder” (People v Mahboubian, 74 NY2d 174, 183 [1989]). Specifically, this Court has held that a defendant is unduly prejudiced by the redaction of a non-testifying codefendant’s statement where the redaction removed material that “supported [the defendant’s] arguments and if believed, it explained much of the evidence against him” (id. at 188). Sometimes called a “reverse” Bruton violation (see People v Higgins, 299 AD2d 841, 842 [4th Dept 2002], Iv denied 99 NY2d 615 [2003]), this undue prejudice may be present even where the “material was not ‘exculpatory’ in the strictest sense” but “would have provided the jury with an explanation for some of the evidence equally consistent with an inference of innocence as of guilt” (Mahboubian, 74 NY2d at 189; see also People v La Belle, 18 *77 NY2d 405, 410 [1966] [concluding that the trial court abused its discretion in denying defendant’s motion for a severance where a redacted statement “seriously prejudiced” the declar-ant by eliminating portions that tended to exculpate him]). Here, without Rushing’s statement, there was no nonspecula-tive evidence supporting an innocent explanation for defendant’s undisputed presence at the scene or how he came to be shot by the undercover officer.
Because the majority fails to explain what type of redaction would satisfy both Bruton and Mahboubian and has construed the term “facially incriminating” so broadly that it includes evidence that supported an inference of innocence, any effort to eliminate potential Bruton problems in the wake of today’s decision may very well result in undue prejudice to codefend-ants, like Rushing and defendant, who stand to benefit from the statement’s introduction.
I would avoid altogether the path the majority has taken and hold that the trial court properly admitted Rushing’s statement with the limiting instruction that the jury could not consider it as evidence against defendant. I am unpersuaded by defendant’s remaining arguments for affirmance and therefore would reverse the order of the Appellate Division and remit the matter to that Court for consideration of issues not yet decided.
Chief Judge DiFiore and Judges Abdus-Salaam and Fahey concur; Judge Pigott dissents in an opinion in which Judges Stein and Garcia concur.
Order affirmed.

 The majority suggests that Rushing “admitted that he put the $30 in prerecorded buy money in his pants pocket” (majority op at 65). That statement, however, came from the prosecutor and therefore does not bear on the question of whether Rushing’s statements facially incriminated defendant in the possession of the robbery proceeds. For his part, Rushing never used the term “prerecorded” or acknowledged that the money he put in his pocket was buy money.